United States District Court
Southern District of Texas
FILED

OCT 2 2 2003

Michael N. Milby
Clerk of Court

CAUSE NO. B-03-184

| | | |
|---|---|---|
| EX PARTE | )( | IN THE UNITED STATES |
| | )( | DISTRICT COURT |
| | )( | SOUTHERN DISTRICT OF TEXAS |
| ARMANDO ARISPE GARCIA | )( | BROWNSVILLE, TEXAS |

## APPLICATION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW, ARMANDO ARISPE GARCIA, A96078656, Petitioner, under 28 U.S.C. § 2241, and through Counsel, Philip T. Cowen, moves this Court to grant a writ of habeas corpus, and in support of such motions shows:

That he is restrained of his liberty in violation of the United States Constitution, United States laws, and treaties of the United States. Petitioner is currently restrained of his liberty, after having applied for asylum. Upon arriving for an administrative asylum interview, he was denied an asylum hearing with the immigration service, and was arrested based on a warrant for his arrest from a foreign state. He was then placed in deportation proceedings. Petitioner's alleges that his restraint of liberty is in violation of the laws of the United States, of the United States Constitution, of treaties concerning the protection and non-persecution of refugees and those seeking asylum.

APPLICATION FOR WRIT OF HABEAS CORPUS

1

## I. Jurisdiction

Petitioner is an applicant for asylum in the United States, and alleges that this is the first country at which he has arrived after leaving his native country of Mexico. Although Petitioner does not live in this District, the Immigration Service Office is restraining his liberty and seeking his removal within this District.

## II. Venue

Venue in is proper because petitioner is restrained of his liberty by the Immigration Service within this district.

## III. Restraint of Liberty

On October 15, 2001 Petitioner was arrested by the Immigration Service solely on the strength of a warrant for arrest issued by the state of Tamaulipas, Mexico, and effected, without resort to any United States Magistrate, nor any process other than an expression of comity by the Bureau of Customs and Immigration that it would carry out the arrest warrant of a foreign state. He is not in the United States contrary to United States law, but rather has applied for asylum under United States Law. Petitioner alleges that all applicants for asylum are entitled to humane treatment, including the freedom from incarceration during the asylum application process.

IV. Violations Against the Constitution, U.S. Law, and treaties

Petitioner complains that his restraint of liberty violates the Constitution of the United States, federal statutes concerning asylum applicants, and treaties entered into by the United States. He further alleges that his detention during the asylum process violates his right due process both under the Constitution of the United States, and United States treaty law; including but not limited to the following:

a). Due Process guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States in that an alien who is physically present in the United States, or who is applying for admission, may apply for asylum, irrespective of his or her immigration status. Once an alien who is otherwise subject to expedited removal has indicated either a willingness to apply for asylum or expressed a fear of persecution, the initial immigration officer must refer the alien to an asylum officer for a special asylum interview. INA § 235(b)(1)(A)(ii), 8 U.S.C. § 1225 (b)(1)(A)(ii). See also INA § 235(b)(1)(B)(I), 8 U.S.C. § 1225(b)(1)(B)(I). In essence, the alien will undergo a screening interview that must be conducted by an ``asylum officer." An asylum officer, for purposes of expedited removal, is an immigration officer who: (1) has professional training in country conditions, asylum law, and interview techniques similar to the training of a full-time asylum adjudicator; and (2) is supervised by another asylum officer with substantial

APPLICATION FOR WRIT OF HABEAS CORPUS

3

experience adjudicating asylum applications. INA § 235(b)(1)(E)(I), 8 U.S.C. § 1225(b)(1)(E)(I); INA § 235(b)(1)(E)(ii), 8 U.S.C. § 1225(b)(1)(E)(ii). In the instant case, the administrative procedure was truncated by summary process, in that Petitioner was arrested on the strength of the Tamaulipas warrant, and was thus denied due process as required by federal law. The right to make an asylum application likewise requires that it be fairly considered. <u>Haitian Refugee Center v. Smith</u>, 676 F.2d 1023 (5th Cir. 1982). See also Memorandum from INS Commissioner Gene McNary to all Service Officers, Parole Project for Asylum Seekers at Ports of Entry and in INS Detention (Apr. 20, 1992), reprinted in 69 Interpreter Releases 526 (Apr. 27, 1992), wherein a criteria for determination of detention of an applicant for asylum was formulated by the Immigration Service.[1]

---

[1] The Service officer must determine that the asylum seeker has not been involved in the persecution of others, has not been convicted of an aggravated felony, has not been finally convicted of a particularly serious crime in the United States, has not been firmly resettled elsewhere, and is not considered a danger to U.S. security.
The applicant must have legal representation, a place to live, and employment or other means of support.
The applicant must agree:
·    To contact the INS office each month to report any change in his or her address, employment or representation;
·    To appear for all required hearings and interviews;
·    To appear for removal, if he or she is finally ordered removed; and
·    To report for removal, if required, upon failure to comply with the terms of his or her release, or if he or she is convicted of a felony or three or more misdemeanors.
If the individual meets all these requirements and there are no other adverse factors, he or she may be paroled. 108 If warranted by his or her review of the case, the INS district director may terminate the removal proceeding and refer the case to an asylum officer for processing. an asylum application likewise requires that it be fairly considered. <u>Haitian Refugee Center v. Smith</u>,

APPLICATION FOR WRIT OF HABEAS CORPUS

B). To Petitioner's knowledge, no order of arrest for his person has been issued by any United States Magistrate, nor ordered by any responsible and competent authority, according to United States law.

C). The illegal detention of Petitioner violates the United Nations Protocol Relating to the Status of Refugees. Protocol relating to the Status of Refugees, TIAS 6577, 19 U.S. Treaties (Part 5, 1968) 6223, entered into force with respect to U.S. Nov. 1, 1968. The Protocol and Convention accepted by the United States seeks to assure fair and humane treatment for refugees situated in the territory of the contracting states. See Executive K, 90th Cong., 2d Sess. (1968); Executive Rep. 14, 90th Cong., 2d Sess. United States policy under the Refugee Act of 1980, codified the right to asylum for refugees in the United States or at a port of entry and adopted the UN definition of refugees, and the legislative reports emphasize that this change was deliberate. The House Report declared that: ``The Committee Amendment conforms United States statutory law to our obligations under Article 33 in two of its provisions." H. Rep. No. 608, 96th Cong., 1st Sess. 17. See also S. Rep. No. 256, 96th Cong., 1st Sess. 9. And the Conference Report stated that: ``The

---

676 F.2d 1023 (5th Cir. 1982). See also Memorandum from INS Commissioner Gene McNary to all Service Officers, Parole Project for Asylum Seekers at Ports of Entry and in INS Detention (Apr. 20, 1992), reprinted in 69 Interpreter Releases 526 (Apr. 27, 1992).

APPLICATION FOR WRIT OF HABEAS CORPUS

Conference substitute adopts the House provision with the understanding that it is based directly upon the language of the Protocol and it is intended that the language be construed consistent with the Protocol." H. Rep. No. 781, 96th Cong., 2d Sess. 20; S. Rep. No. 590, 96th Cong., 2d Sess. 20. A claim for asylum by a person in the United States is governed by the more generous ``well-founded fear" criterion mandated by the UN Convention and Protocol, and by the 1980 Act. In this context, the Service has ignored both the 1980 Act, and the Protocol, upon which it was based.

### PRAYER

WHEREFORE, Petitioner respectfully requests that the Court issue the writ of habeas corpus and conduct a hearing thereon and that applicant be ordered discharged from illegal custody and restraint and that the cause be remanded to the Immigration Service to conduct an asylum hearing, in conformity with the Immigration and Naturalization Act.

Respectfully Submitted by:

_____
Philip T. Cowen
Law Office of Philip Cowen
934 E. Levee, Suite 201
Brownsville, Texas  78520
Texas Bar No. 24001933
TEL. 956-541-6031
FAX 956-541-6872
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing APPLICATION FOR WRIT OF HABEAS CORPUS have been delivered via telefax and regular mail to the Immigration Service at

Hon. Cathy Appling, Attorney
Office of Immigration Litigation
Civil Division
Department of Homeland Security
P.O. Box 878 Ben Franklin Station
Washington, D.C. 2004

Hon Lisa Putnam
Assistant United States Attorney
for United States Attorney,
Southern District of Texas
P.O. Box 1711
Harlingen, Texas 7 8551

Hon. Michael T. Shelby
United States Attorney
P.O. Box 61129
(910 Travis St., Suite 1500
Houston, Tx 77002).
Houston, Tx 77208

on this 22st day of October, 2003.

Philip T. Cowen